SHEFELKER, Respondent, vs. FIRST NATIONAL BANK OF MARION, Appellant.

*'March 8—April 5, 1932.*

The cause was submitted for the appellant on the brief of *B. E. Meyer* of Marion and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and for the respondent on that of *Eberlein & Larson* of Shawano.

ROSENBERRY, C. J.   Sec. 300.07 (5), Stats., provides:

"Every justice of the peace shall keep a docket in which he shall enter in each case to which they relate: . . .

"(5) Every adjournment, stating at whose request and to what time and place."

From *Roberts v. Warren,* 3 Wis. *736, 646, decided at the June term, 1854, down to the present time, it has been held by this court that failure of the justice of the peace to state the place to which adjournment is taken results in a loss of jurisdiction.   In this case a very persuasive and moving argument is made that this long line of decisions should be overruled and that it should be held that, in the absence of any other place being stated, it should be conclusively presumed the adjournment is to the place named in the summons.   The rule so long adhered to seems archaic and en-

tirely inconsistent with the liberal procedure in actions in court. We were prompted upon first consideration to yield to the defendant's appeal, but upon reflection it is considered that a rule so long established and relied upon by the profession in general and by the plaintiff in this case ought not to be changed by decision. The rule is clearly established and is admittedly applicable to the facts in this case. Counsel for plaintiff, in reliance upon it, declined to participate. Had counsel for the defendant in this action, who was the plaintiff in the unlawful detainer action, accepted the situation and commenced over, there could have been only a short delay. Attempt of counsel for the defendant to create a situation which results in considerable hardship, great loss of time, and considerable financial loss cannot be a basis of an appeal here because it is a situation of its own creation. The equities in the case stand as they were when the plaintiff here declined to appear in the unlawful detainer action. Undoubtedly it would be in the interest of the administration of justice if the rule were changed, but it should be changed by legislative enactment. If we were at liberty to change it and have the change take effect only at the date of the decision and not in pending and in prior cases, we should do so. That, however, is beyond our power. The legislature may well retort that the rule is good as it stands but the construction placed upon it by the court is wrong. However, having been acquiesced in for nearly eighty years, the change should be made by the legislature without regard to who was at fault in the beginning for the reason indicated.

*By the Court.*—Judgment affirmed.